409 P.2d 125

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Jack YOUNGLOVE, Defendant and Appellant.**

**No. 10401.**

Supreme Court of Utah.

Dec. 23, 1965.

Ray G. Martineau, Benjamin Spence, Salt . Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., for respondent.

HENRIOD, Chief Justice.

Appeal from a judgment based on a jury verdict, in a civil bastardy action. Affirmed with no costs.

Defendant admitted relations with complainant on numerous occasions, on cross-examination. He says that being required to answer questions on such examination, he was 1): prejudiced by the prosecution's inquiry as to a previous burglary, supplemented by asking his present address and when he was convicted and sentenced for such offense, and 2): by requiring him to answer questions, the answers to which might tend to degrade or incriminate him, violative of the V Amendment to the United States Constitution, as interpreted in connection with the XIV Amendment thereof, by pronouncements of the Supreme Court of the United States, Article I, section 12, Utah Constitution, and sections 77–1–10 and 78–24–9, Utah Code Annotated 1953.

■ As to 1): He took the witness stand in his own defense, told on *direct examina-* *tion* of taking the prosecutrix home, late at night, at least six times, as a haloed testimonial to his altruistic bent. On cross-examination, the trial court required him to answer questions with respect to his prior conviction for felony, what it was, when, after conviction thereof he was sentenced, and what was his address. His response about his residence was "Box 250, Draper, Utah." We think that his assertions under such circumstances are not well taken under Title 78–24–9,[1] Utah Code Annotated 1953, nor is the contention that his volunteered testimony cannot be impeached, nor that under the precedents of this court, he cannot be challenged. Suffice it to say that under his own protestations and the pronouncements of State v. Johnson,[2] after State v. Vance [3] to the effect that a question calling for an answer "as to details or circumstances" of the felony, is improper on cross-examination, it is difficult to discern why residence or date of sentence are details of a felony committed long since. Hence the cases cited seem inapropos.

■ As to 2): On direct examination, defendant testified that he drove the prose-

---

1. 78–24–9, U.C.A.1953: "Duty to answer questions—Privilege.—a Witness * * * need not give an answer * * * which will have a direct tendency to degrade his character, unless it is to the very fact in issue or to a fact from which the fact in issue would be presumed. But a witness must answer as to the fact of his previous conviction of felony."

2. 76 Utah 84, 287 P. 909 (1930).

3. 38 Utah 1, 110 P. 434 (1910).

cutrix home six different nights. Intercourse was a fact in issue in this case. He flavored his testimony by making it appear that he was doing his daily good turn by taking a lady home. Such testimony, of course, is quite favorable to the accused's defense. Under such circumstances we think that by voluntarily presenting such evidence, he has consented to answer questions on cross-examination to test the truthfulness of his assertions, and cannot preserve his favorable position by the simple device of taking the Fifth—and we so hold. Otherwise, an accused could tell the most saintly of tall tales and render himself immune from cross-examination. In the instant case this is exactly what happened,— a saintly tall tale which was exposed on cross-examination, which exposure defendant attempted to thwart by the now well-known, well-worn, well-coached wheeze about "I refuse to answer on the ground it may tend to incriminate me,"—a jingle overworked by gangsters and subversives to the point that every child can repeat it as easily as he can Humpty Dumpty.

Counsel in this civil case was not appointed by the court, but responded to a request by the court that they help an impecunious person in such civil suit, having a sort of penalty tinge. Without any obligation to do so, counsel furnished their services gratis, did a highly commendable job, for which our thanks and respect are extended.

McDONOUGH, CROCKETT, WADE, and CALLISTER, JJ., concur.